UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

TEDRIC JAMEIL CHIN,

        Petitioner,

v.                               Case No.:    5:25-cv-778-SPC-PRL

WARDEN, FCC COLEMAN-LOW,

        Respondent.

_____/

## OPINION AND ORDER

Pro se Petitioner Tedric Jameil Chin is before the Court on an amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. 9).   He challenges the validity of his 2014 convictions for two counts of sex trafficking of a minor, in violation of 18 U.S.C. §§ 1591(a)(1), (b)(1), and the 218-month sentence imposed in the United States District Court for the Southern District of Florida.   *See United States v. Chin*, No. 0:13-cr-60218 (S.D. Fla.).   Chin's sentence was affirmed on direct appeal.   *See United States v. Chin*, 606 F. App'x 538 (11th Cir. 2015).   Chin's first motion under 28 U.S.C. § 2255 was denied.   *See Chin v. United States*, No. 13-cr-60218, 2019 WL 4120760 (S.D. Fla. Apr. 16, 2019), *report and recommendation adopted*, No. 16-cv-61774-, 2019 WL 4094831 (S.D. Fla. Aug. 29, 2019), *aff'd*, 853 F. App'x 640 (11th Cir. 2021)   His second § 2255 motion was dismissed as successive.   *See Chin v.*

*United States*, No. 0:22-cv-61177, Doc. 20 (S.D. Fla. Apr. 14, 2023).   In the present petition, Chin raises three grounds: (1) the sentencing court lacked subject-matter jurisdiction; (2) his constitutional rights to confrontation of witnesses and to due process were violated at his trial and sentencing; and (3) he is entitled to administrative and commercial default.   (Doc. 9).

Collateral attacks on the legality of a sentence must be brought under 28 U.S.C. § 2255.   The "saving clause" of § 2255(e) permits a federal prisoner to challenge his sentence pursuant to § 2241 only where "the remedy by motion is inadequate or ineffective to test the legality of his detention."   28 U.S.C. § 2255(e).   The petitioner bears the burden of demonstrating that a § 2255 motion is "inadequate or ineffective."   *McCarthan v. Dir. of Goodwill Indus.-Suncoast, Inc.*, 851 F.3d 1076, 1081 (11th Cir. 2017) (en banc).   *See also Jones v. Hendrix,* 599 U.S. 465, 470 (2023) (holding that § 2255(e) does not allow a prisoner asserting an intervening change in interpretation of a criminal statute to circumvent the Antiterrorism and Effective Death Penalty Act of 1996's restrictions on second or successive § 2255 motions by filing a § 2241 habeas petition).

The United States Court of Appeals for the Eleventh Circuit has held that 28 U.S.C. § 2241 is not available to challenge the validity of a sentence except on very narrow grounds.   *McCarthan,* 851 F.3d at 1079.

[The Eleventh Circuit] gave three examples of when a motion to

> vacate would be an inadequate mechanism to test a prisoner's claim: (1) if a federal prisoner challenges the execution of his sentence, e.g., the deprivation of good-time credits or parole determinations; (2) if the sentencing court is unavailable or has been dissolved; or (3) if practical considerations, such as multiple sentencing courts, prevent a petitioner from filing a motion to vacate.   If a prisoner's claim falls into these categories, he may file a § 2241 habeas petition under the saving clause in § 2255(e). However, if a prisoner's claim merely challenges 'the validity of his sentence,' he cannot proceed under § 2241 because he could raise this claim in a § 2255 motion.

*Williams v. Warden, FCC Coleman*, 803 F. App'x 324, 326 (11th Cir. 2020) (internal citations omitted).   Rule 12(h)(3) of the Federal Rules of Civil Procedure provides that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."   *See also* Rule 12, Rules Governing Section 2255 Proceedings.

In the present case, the Court does not have subject matter jurisdiction over Chin's claims because he is not entitled to pursue relief under § 2241. Chin challenges the validity of his convictions and sentence, not the execution of his sentence, and therefore he cannot avail himself of the saving clause of § 2255(e).   Chin serves just one sentence, and his sentencing court—the Southern District of Florida—remains available.   *See* 28 U.S.C. § 89(c). Furthermore, to the extent that Chin relies on the Supreme Court's opinion in *Bowe v. United States*, 146 S. Ct. 447 (2026), his argument is misplaced.   In *Bowe*, the Supreme Court held that 28 U.S.C. § 2244(b)(1)'s provision that directs appellate courts to dismiss a claim presented in a second or successive

habeas corpus application under 28 U.S.C. § 2254 that was presented in a prior application, "applies only to state prisoners' habeas applications under § 2254, not to federal prisoners' motions under § 2255." 146 S. Ct. at 452. Because Chin's first § 2255 motion was denied on the merits, he must seek authorization from the Eleventh Circuit to file a second or successive motion. *See* 28 U.S.C. § 2255(h). He has not met his burden that a § 2255 motion is inadequate or ineffective to invoke jurisdiction in this proceeding. *See McCarthan*, 851 F.3d at 1099 ("Even if a prisoner's claim fails under circuit precedent, a motion to vacate remains an adequate and effective remedy for a prisoner to raise the claim and attempt to persuade the court to change its precedent, and failing that, to seek certiorari in the Supreme Court."). The Court thus dismisses this case for lack of jurisdiction. *See also* 28 U.S.C. § 2255(b); Rule 4(b) of the Rules Governing Section 2255 Proceedings (directing *sua sponte* dismissal if the petition and records show that the moving party is not entitled to relief).

Accordingly, it is now

**ORDERED:**

1. This above-captioned action is **DISMISSED without prejudice** for lack of jurisdiction.

2. The Clerk is **DIRECTED** to enter judgment, terminate any pending motions and deadlines, and close this case.

**DONE AND ORDERED** in Fort Myers, Florida on March 5, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA:   OCAP-2
Copies: Petitioner